

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Austin, Texas

Dear Sir:

Opinion No. O-5666
Re: Authority of the State Com-
mission for the Blind to ad-
minister the vocational re-
habilitation program for the
adult blind as provided by
Public Law No. 113, 78th
Congress, Chapter 190, 1st
Session, H. R. 2536.

You have requested the opinion of this department
on the question of whether the State Commission for the Blind
is authorized to administer the program of vocational rehabili-
tation for the adult blind as provided by the Act of Congress,
(Public Law 113, 78th Congress, Chapter 190, 1st Session,
H. R. 2536) approved July 6, 1943, and known as the "Vocation-
al Rehabilitation Act Amendments of 1943." Section 2 (a) of
the Act provides in part:

"To be approvable under this Act, a State plan
for vocational rehabilitation shall --

"'(1) designate the State board of vocational
education (herein referred to as the "State board")
as the sole agency for the administration, super-
vision, and control of the State plan; except that
where under the State's law, the State blind commis-
sion, or other agency which provides assistance or
services to the adult blind is authorized to pro-
vide them vocational rehabilitation, the plan shall
provide for administration by such State blind com-
mission or other State agency of the part of the
plan under which vocational rehabilitation is pro-
vided the blind; Provided, that in any State which
by law has established a rehabilitation commission

prior to the date of enactment of this Act, with
authority to provide rehabilitation services to
disabled individuals, the State board may delegate
to such commission all or any part of the opera-
tion of the State plan, under a written agreement
of cooperation approved by the Administrator;

". . . ."

Section 10 (a) of the Act defines "vocational re-
habilitation:"

"'The term "vocational rehabilitation" and
the term "rehabilitation services" means any serv-
ices necessary to render a disabled individual fit
to engage in a remunerative occupation; . . .

"'. . . .'"

First, it must be determined whether or not the State
Commission for the Blind is authorized to provide services nec-
essary to render disabled individuals fit to engage in remunera-
tive occupations. The State Commission for the Blind was creat-
ed by Acts 1931, 42nd Legislature, page 122, Chapter 80. Sec-
tion 2 thereof enumerates the powers and duties as follows:

"The State Commission for the Blind shall main-
tain a Bureau of Information, the object of which
shall be to aid the blind whose training is not
otherwise provided for, in finding employment, in
developing home industries among the blind, and in
marketing their products. The Commission shall in
its discretion furnish materials, tools and books
for the use as a means in rehabilitating such per-
sons, and it may establish workshops and salesrooms,
and shall have authority to use any receipts or
earnings that accrue from the operation of indus-
trial schools, salesrooms or workshops as provid-
ed in this Chapter, but detailed statement of re-
ceipts or earnings and expenditures shall be made
monthly to the Auditor of the State. Through the
employment of teachers the Commission may give in-
struction to adult blind persons in their homes; pro-
vided that it shall not undertake the permanent sup-
port or maintenance of any blind persons. The Com-
mission may also register cases of persons whose

eyesight is seriously defective or who are likely
to become visually handicapped or blind, and take
such measures, in cooperation with other authori-
ties, as it may deem advisable for the prevention
of blindness or conservation of eyesight, and in
appropriate cases, for the education of children
and for the vocational guidance of adults having
seriously defective sight.  The Commission may re-
ceive gifts, bequests, or devises from individuals,
associations or corporations, and may expend them
in accordance with the provisions of this Act."

Later amendments of this Act (now codified as Arti-
cle 3207a, Vernon's Annotated Civil Statutes) have not changed
the provisions of the section quoted above.

These enumerated powers do, we believe, come within
the purview of providing "vocational rehabilitation" for the
adult blind.  By this we mean, that the powers delegated to
this Commission are of broad enough scope to provide for vo-
cational rehabilitation as is defined in said Public Law 113.
Even though the Legislature has not seen fit through proper
appropriations to activate all these powers, it does not nec-
essarily follow that there are not dormant powers in this sec-
tion of Article 3207a which would authorize the Commission to
provide services necessary to render disabled individuals fit
to engage in remunerative occupations.  We believe these powers
are present though they have not been fully utilized by the
Commission because of the lack of proper funds.

Notwithstanding the above conclusion, we do not be-
lieve the State Commission for the Blind has the authority to
administer that part of this Federal rehabilitation program for
the adult blind.  In 1929 the Texas Legislature accepted the
benefits of a prior rehabilitation program and appointed the
State Board of Vocational Education as Administrator.  We quote
in part from Article 2675-1, Vernon's Annotated Civil Statutes:

"Sec. 1.  The Legislature of Texas does hereby
accept the provisions and benefits of an Act of
Congress passed June 2, 1920, amended June 5, 1924,
entitled:  'An Act to provide for the promotion of
Vocational Rehabilitation of persons disabled in in-
dustry or otherwise, and their return to civil em-
ployment.'

Honorable Lon Alsup, page 4

"Sec. 2. The Treasurer of Texas be, and he is hereby authorized and empowered to receive the funds appropriated under said Act of Congress, and is authorized to make disbursements therefrom upon the order of the State Board for Vocational Education. The State Board of Vocational Education is empowered and instructed to co-operate with the terms and conditions expressed in the Act of Congress, aforesaid.

". . . ."

Public Law 113, 78th Congress, is an amendment of this Act of 1920; we quote from the enacting clause of said Public Law 113 as follows:

"That the Act entitled 'An Act to provide for the promotion of vocational rehabilitation of persons disabled in industry or otherwise and their return to civil employment,' approved June 2, 1920, as amended (U.S.C., title 29, ch. 4), is amended to read as follows:

". . . ."

The Legislature of Texas has thus empowered and instructed the State Board of Vocational Education to administer the vocational rehabilitation program which Public Law 113 is amending. We are of the opinion these specific powers bestowed upon the State Board of Vocational Education are still in force and effect and that it is the sole agency authorized in Texas to administer this vocational rehabilitation program in cooperation with the Federal Government.

It is true that the rider to the current appropriation bill provides for the proper officers of any State Departments to make application for and accept gifts from the United States Government to be used in State cooperative and other Federal programs. This is a general provision in the appropriation bill, but we do not think that it authorizes one agency of the state government to encroach upon another agency's jurisdiction specifically conferred by legislation. The State Board of Vocational Education has been pointed out as the body to administer the vocational rehabilitation program in cooperation with the Federal Government; we do not think this rider on the

Honorable Lon Alsup, page 5

appropriation bill was intended to change or alter any established program of this nature. Therefore, it is our opinion that whether or not the State Commission for the Blind has the power to provide vocational rehabilitation for the Blind, the State Board of Vocational Education is the only agency that has been empowered, as evidenced by the provisions of Article 2675-1, supra, to administer this Federal-State program authorized under the Federal Act of June 2, 1920, as amended by Public Law 113.

It is further acknowledged that the Federal Act provides for the State Blind Commission to administer the new vocational rehabilitation program with reference to the blind where it is authorized to do so. It would be ridiculous to argue that the Federal Government by this Act is empowering our Blind Commission to administer this program insofar as the rejuvenation of the Blind is provided where the State Legislature has appointed another agency to direct the execution of such a plan.

The Federal Act does provide, however, that the State Board of Vocational Education may delegate to a commission in the State that is authorized to provide vocational rehabilitation any part of the operation of such program. We think the State Board of Vocational Education could thus in submitting the State Plan to the Federal Government specify that it would delegate to the State Commission for the Blind the administration of that part of the program pertaining to vocational rehabilitation of the adult blind. This power of delegation is not coming from any Federal authorization, but rather from the State Legislature in empowering the State Board of Vocational Education to cooperate with the terms and conditions expressed in the vocational rehabilitation Act. See Article 2675-1, supra.

It is therefore the opinion of this department that the agency in Texas to administer the entire Federal Vocational Rehabilitation Act is the State Board of Vocational Education. This Board, however, if it desires, may stipulate in submitting the State Plan to the Federal Government that it will delegate the administration of the program with reference to the adult blind to the State Commission for the Blind.

Honorable Lon Alsup, page 6

We trust that the foregoing satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert O. Koch*

Robert O. Koch
Assistant

ROK:db

RCVED DEC 14 1945

